# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENJAMIN COOPER,** : | |
| *Petitioner* : | **CIVIL ACTION** |
| : | |
| v. : | |
| : | |
| **TAMMY FERGUSON,** *et al.*, : | **No. 19-4030** |
| *Respondents* : | |

## MEMORANDUM

PRATTER, J.                                                                                                    JANUARY 4, 2021

Benjamin Cooper petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Richard A. Lloret issued a Report and Recommendation that Mr. Cooper's petition be dismissed with prejudice as untimely. (Doc. No. 14.) Mr. Cooper filed objections. (Doc. No. 18.) For the following reasons, the Court dismisses Mr. Cooper's habeas petition as untimely.

### BACKGROUND

Mr. Cooper was found guilty in state court in March 2005 of third-degree murder, robbery, theft, and abuse of a corpse. In April 2005, he was sentenced to 31 to 62 years' imprisonment. Mr. Cooper appealed, and on September 22, 2006, the Pennsylvania Superior Court affirmed the conviction, noting that there was sufficient evidence to support convictions of Mr. Cooper for third-degree murder and robbery. *Commonwealth v. Cooper*, 911 A.2d 178 (Pa. Super. Ct. 2006); *see* Docket, No. 1257 EDA 2005. Mr. Cooper then sought an allowance of appeal from the Pennsylvania Supreme Court, which was denied on May 31, 2007. *Commonwealth v. Cooper*, 927 A.2d 622 (Pa. 2007); *see* Docket, No. 17 EAL 2007.

Mr. Cooper timely filed a Post-Conviction Relief Act ("PCRA") petition in state court under 42 Pa. Cons. St. § 9541 on August 3, 2007. After a *Grazier* hearing,[1] the court authorized

---

[1] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

1

Mr. Cooper to represent himself, and he filed an amended PCRA petition on April 8, 2008. The PCRA court dismissed his petition on June 18, 2010. Mr. Cooper appealed the dismissal and requested counsel. Counsel was appointed and the PCRA court filed an opinion on August 27, 2010, explaining why it dismissed Mr. Cooper's petition. The Pennsylvania Superior Court affirmed the PCRA court's dismissal on September 21, 2012, finding that all of Mr. Cooper's claims in his PCRA petition were "either waived or patently without merit." *Commonwealth v. Cooper*, 60 A.3d 858 (Pa. Super. Ct. 2012); Docket, No. 1849 EDA 2010 (Sept. 21, 2012 unpublished memorandum, at 8). The Pennsylvania Superior Court relied on the "PCRA court's thorough and comprehensive opinion" and concluded that Mr. Cooper's claims were properly dismissed without a hearing and that his petition was meritless. *Id.*

Mr. Cooper filed a "Motion for Extraordinary Relief" on November 9, 2012 and later an "Amended Petition for Collateral Relief" on March 11, 2013. The PCRA court determined these filings were essentially a second PCRA petition, which it subsequently dismissed as untimely. Mr. Cooper appealed, and the Pennsylvania Superior Court affirmed the dismissal. *Commonwealth v. Cooper*, No. 1982 EDA 2014, 2015 WL 7433365, at *3 (Pa. Super. Ct. Mar. 17, 2015). The Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Cooper*, 117 A.3d 1280 (Pa. 2015); *see* Docket, No. 170 EAL 2015.

Mr. Cooper filed a "Writ of Habeas Corpus," which he later amended. The PCRA court deemed this filing to be a third PCRA petition, which it ultimately dismissed as untimely on June 30, 2017. Mr. Cooper appealed the dismissal. While his appeal was pending, Mr. Cooper filed a fourth PCRA petition on October 10, 2017, claiming that he was entitled to relief under *Brooks v. Gilmore*, No. 15-cv-5659, 2017 WL 3475475 (E.D. Pa. Aug. 11, 2017) because of allegedly problematic jury instructions in his case. The PCRA court dismissed Mr. Cooper's fourth PCRA

2

petition because it was filed while he had an appeal pending. At the same time, the Pennsylvania Superior Court granted Mr. Cooper's motion to withdraw his pending appeal of the denial of his third PCRA petition. *See* Docket, No. 2378 EDA 2017.

Mr. Cooper filed another PCRA petition on January 11, 2018, again alleging that he was entitled to relief under *Brooks*. The PCRA court dismissed this petition, Mr. Cooper's fifth PCRA petition, again as untimely. The Pennsylvania Superior Court affirmed the dismissal on November 13, 2018, finding that Mr. Cooper had failed to prove the applicability of any exception to the PCRA's one-year time bar, and therefore state courts did not have jurisdiction to hear his claims. *Commonwealth v. Cooper*, No. 889 EDA 2018, 2018 WL 5918485, at *2–3 (Pa. Super. Ct. Nov. 13, 2018). The Pennsylvania Supreme Court denied allowance of appeal on July 2, 2019. *Commonwealth v. Cooper*, 216 A.3d 226 (Pa. 2019); *see* Docket, No. 615 EAL 2018.

On September 4, 2019, Mr. Cooper filed his *pro se* federal habeas petition (Doc. No. 2), revising it a month later listing four grounds upon which he seeks relief: (1) governmental interference and a violation of the Due Process Clause; (2) ineffective assistance of counsel; (3) unconstitutional and unlawful sentence due to the failure of sentencing court to enter a written judgment of sentencing order in the record; and (4) spoliation and violation of due process. (Doc. No. 5 at 4-11.)

## STANDARD OF REVIEW

Upon receiving objections to a magistrate judge's report and recommendation, the reviewing "court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations" to which an objection is made. 28 U.S.C. § 636(b)(1)(C).

"[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## DISCUSSION

### I. Timeliness

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Cooper's federal habeas petition is barred as untimely. Magistrate Judge Lloret recommended dismissing Mr. Cooper's petition with prejudice because it was not filed within the one-year statute of limitations period and no exceptions applied. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year limitations period on applications for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). This period begins on the date the petitioner's judgment of sentence became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Cooper directly appealed his conviction to both the Pennsylvania Superior Court, which affirmed his conviction, and the Pennsylvania Supreme Court, which denied allowance of his appeal on May 31, 2007.[2] *Commonwealth v. Cooper*, 927 A.2d 622 (Pa. 2007); *see* Docket, No. 17 EAL 2007.

---

[2] In his objections to Magistrate Judge Lloret's R&R, Mr. Cooper argues that there was no written sentence of judgment entered in his case, only a DC-300B Commitment Form, which "denie[d] him the ability to appeal his conviction." (Doc. No. 18 at 6.) However, Mr. Cooper clearly had the ability to appeal his conviction, as shown by his appeals to both the Pennsylvania Superior Court and the Pennsylvania Supreme Court. Mr. Cooper asserts that no such written sentence of judgment exists, citing the inability of the Department of Corrections to produce it. (Doc. No. 18 at 29-32.) Mr. Cooper does not appear to have sought this document from other sources. The Pennsylvania Superior Court stated that Pennsylvania law does "not indicate an affirmative obligation on the part of the DOC to maintain and produce" the documents listed in 42 Pa. C.S.A. § 9764, including a copy of the sentencing order. *Joseph v. Glunt*, 96 A.3d 365, 371 (Pa. Super. Ct. 2014). The *Glunt* court also noted that the trial court discovered a valid sentencing order in the record, but "even in the absence of a written sentencing order, the DOC had continuing authority to detain" the petitioner. *Id.* at 372. *See Commonwealth v. Miller*, No. 2867 EDA 2015, 2016 WL 1122099, at *4 (Pa. Super. Ct. Mar. 22, 2016) (finding no relief due where appellant failed to show how missing documentation established that he was being held under an illegal sentence).
  Mr. Cooper does not argue that he was improperly sentenced. The Criminal Docket Sheet shows that Mr. Cooper was sentenced during a hearing held before Judge Woods-Skipper on April 12, 2005. (CP-51-CR-1100941-2003 at 3, 9.) As the Third Circuit has explained, even though the Department of Corrections "does not possess a copy of a written sentencing order [for a prisoner], or that one does not exist, does not make [a prisoner's] confinement unconstitutional or unlawful." *Bozic v. Sec'y Pa. Dep't of*

Thus, Mr. Cooper's criminal judgment became final on August 29, 2007—90 days after the Pennsylvania Supreme Court denied review of his direct appeal.[3] Mr. Cooper was required to file his habeas petition within one year of the date his criminal judgment became final—August 29, 2008.[4] He did not file his habeas petition until September 2, 2019, more than 11 years after his judgment of sentence became final. However, AEDPA contains a few limited exceptions that could render timely an otherwise untimely petition: statutory tolling, equitable tolling, or a showing that a fundamental miscarriage of justice would result from the dismissal of the habeas petition.[5]

### A. Statutory Tolling

Mr. Cooper's petition is untimely even when considering the possibility of statutory tolling. Under 28 U.S.C. § 2244(d)(2), a properly filed PCRA petition tolls the running of AEDPA's one-year statute of limitations as long as the PCRA petition is timely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Mr. Cooper timely filed his first PCRA petition on August 3, 2007, which was 26 days before his criminal judgment became final on August 29, 2007 and 392 days before

---

*Corr.*, 711 F. App'x 671, 673-74 (3d Cir. 2017) (per curiam). The Court emphasized that even if it decided "that the failure to create a written sentencing order is an error, '[i]t is well-established that a prisoner cannot escape punishment simply because the court committed an error in passing sentence. Neither should one escape punishment when the error at issue is not in the sentence itself but only in the record keeping associated with the sentence.'" *Id.* at 674 (quoting *Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 662 (3d Cir. 2011)).

[3] *See* 42 Pa. Cons. St. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking review). After the Pennsylvania Supreme Court denied review, Mr. Cooper had 90 days to apply for a writ of certiorari to the United States Supreme Court but did not do so. *See* Sup. Ct. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment.").

[4] AEDPA provides for other alternative start dates, but Mr. Cooper does not argue that any of these other dates should apply, nor do they appear applicable. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

[5] *See Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982) ("A federal habeas corpus petitioner has the burden of proving all facts entitling him to a discharge from custody. Although this burden is applicable to the substantive elements of a petitioner's claim, we see no reason why he should not bear the burden of demonstrating that he has met the procedural requisites that entitle him to relief as well." (citation omitted)).

August 29, 2008, the one-year deadline for Mr. Cooper to file his federal habeas petition. Mr. Cooper's first PCRA petition was pending until September 21, 2012, the date upon which the Pennsylvania Superior Court affirmed the PCRA court's dismissal.[6] Thus, pursuant to 28 U.S.C. § 2244(d)(2) and statutory tolling, Mr. Cooper had 392 days from September 21, 2012—until October 18, 2013—to timely file his federal habeas petition. However, he did not do so until September 4, 2019—2,147 days late, or almost six years. Because the Pennsylvania state courts determined that all of Mr. Cooper's additional PCRA petitions were untimely, he does not earn any credit pursuant to statutory tolling for those petitions. *Pace*, 544 U.S. at 417. Therefore, the Court agrees with Magistrate Judge Lloret that statutory tolling does not save Mr. Cooper's untimely petition.

### B. Equitable Tolling

Mr. Cooper's untimely habeas petition is not entitled to the help of equitable tolling. The federal limitations period can be tolled in rare circumstances where its "rigid application" would be unfair under the principles of equity. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013). However, the Third Circuit Court of Appeals has noted that "a court should be sparing in its use of the [equitable tolling] doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418).

As to diligence, if a petitioner "'did what he reasonably thought was necessary to preserve his rights . . . based on the information he received,'" then he has acted diligently. *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012) (quoting *Holmes v. Spencer*, 685 F.3d 51, 65 (1st Cir.

---

[6] Mr. Cooper did not seek an allowance of appeal from the Pennsylvania Supreme Court with respect to his first PCRA petition.

2012)). As to extraordinary circumstances, in the Third Circuit there are only three circumstances that have been found to satisfy this prong: "Equitable tolling is permitted if '(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum.'" *Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir. 2002) (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)). "There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011).

As noted by Magistrate Judge Lloret, nowhere in his petition does Mr. Cooper allege or show that he has been pursuing his claims diligently and that an extraordinary circumstance somehow prevented the timely filing of his claims. Mr. Cooper repeatedly filed untimely PCRA petitions and made no attempt to file a federal habeas petition until 2019. In his petition, Mr. Cooper's only statement as to why he is filing an untimely habeas petition is that AEDPA's one-year statute of limitations does not bar his petition because it is "based on an innocence claim and governmental interference along with newly discovered constitutional rights and a miscarriage of justice." (Doc. No. 5 at 13.) In his objections, Mr. Cooper argues that he was proceeding diligently because he reasonably thought he needed to exhaust all of his state claims before filing a federal habeas claim. (Doc. No. 18 at 8-9.) Furthermore, he argues that he filed a state habeas corpus petition but the PCRA court turned it in to a third PCRA petition. However, if Mr. Cooper had instead filed a *federal* habeas petition at that time—June 30, 2014—he still would have been outside of the AEDPA's one year statute of limitations window, which closed on October 18, 2013, after accounting for statutory tolling.

7

Even if the Court found that Mr. Cooper had been diligent despite filing his federal habeas petition almost six years late, there does not appear to be any extraordinary circumstance that prevented him from asserting his rights.[7] *Johnson*, 31 F.3d at 162. Magistrate Judge Lloret pointed to one possible claim in Mr. Cooper's petition that could be construed as an extraordinary event that prevented him from asserting his rights: his claim that documents were destroyed. (Doc. No. 14 at 20.) The Respondents, in their opposition to Mr. Cooper's petition, counter that they did not destroy the pretrial transcripts and presentence report, and actually attached them to their response. (Doc. No. 12 at 4.) The Court agrees with Magistrate Judge Lloret that Mr. Cooper's argument is unavailing because the fact that the Commonwealth did not link him to the crime through forensic evidence had no bearing on the jury's guilty verdict. The jury found Mr. Cooper guilty based largely on his confession to the police and other evidence. Thus, his inability to obtain documents to demonstrate a lack of forensic evidence, evidence that was never used at trial, does not constitute an extraordinary event excusing his nearly six-year delay in filing his federal habeas petition.

The Third Circuit has explained that "[a] court measures the extraordinary circumstances prong subjectively. In analyzing whether the circumstances [a petitioner] faced were extraordinary, 'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . *but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.*'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (third alteration in original) (quoting *Pabon*, 654 F.3d at 400). In his objections, Mr. Cooper continues to allege that documents were destroyed or never provided to him. (Doc. No. 18 at 10-14.) However, even if these allegations were true, this never stopped Mr. Cooper

---

[7] Mr. Cooper does not appear to argue in his petition or objections that he was actively misled or that he timely but mistakenly asserted his rights in the wrong forum. As discussed above, even if Mr. Cooper had argued that his state habeas petition was asserted in the wrong forum, it still would have been untimely if he had instead filed a federal habeas petition.

8

from filing five PCRA petitions. And as the Respondents contend, "the supposed unavailability of these materials to Mr. Cooper did not prevent him from filing a federal habeas petition because he has filed the instant petition without apparently having these items." (Doc. No. 12 at 4.) For the foregoing reasons, the Court does not find that Mr. Cooper is entitled to equitable tolling.

### C.     Fundamental Miscarriage of Justice

Lastly, "[t]he fundamental miscarriage of justice exception applies only in cases of actual innocence." *Coleman v. Greene*, 845 F.3d 73, 77 (3d Cir. 2017). This is a "narrow" exception whereby a petitioner must show that no reasonable juror would have convicted him in light of new evidence. *Id.* at 76-77. If Mr. Cooper can establish a showing of actual innocence, he may have grounds to overcome the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner must support his allegations of actual innocence with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Magistrate Judge Lloret noted that Mr. Cooper has not argued that he has any new evidence. (Doc. No. 14 at 21-22.) Instead, the evidence Mr. Cooper presents relates only to information that one of the police officers who was involved in questioning him was later fired for falsely reporting overtime. (Doc. No. 5 at 66-67.) However, this officer was apparently fired in 2012, seven years before Mr. Cooper filed his habeas petition. As Magistrate Judge Lloret explains, Mr. Cooper did not demonstrate how this officer's firing "would have overcome the extensive evidence presented at trial, which included Mr. Cooper's own confession, witness testimony, video, and physical evidence." (Doc. No. 14 at 22.) The Court agrees.

In his objections, Mr. Cooper argues ineffective assistance of counsel and that certain evidence was not presented at trial. (Doc. No. 18 at 15.) However, this does not establish actual innocence, nor does it constitute new evidence.

Thus, because Mr. Cooper has failed to show that no reasonable juror would have convicted him in light of new evidence, he is not entitled to use the fundamental miscarriage of justice exception.

## CONCLUSION

For the reasons set out in this Memorandum, the Court dismisses Mr. Cooper's petition as untimely and enters the accompanying Order.[8]

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[8] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a "plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court will not issue a certificate here given the untimely filing.